UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN C. FENNAL,<br><br>                    Plaintiff,<br><br>     - against -<br><br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                    Defendant. | Case No. 1:26-cv-00035-KMW-EAP<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, upon information and belief, answers the Complaint of plaintiff Kevin C. Fennal ("Plaintiff" or "Fennal"), as follows:

1.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies the same.

2.      Answering Paragraph 2 of the Complaint, Chase admits that Plaintiff opened two separate business credit card accounts, but denies that the accounts end in 4750 and 4681, or that Plaintiff is not personally liable for them.

3.      Chase denies the allegations set forth in Paragraph 3 of the Complaint.

4.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

5.      Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same, except that Plaintiff requested documentation verifying that he was personally liable for the business credit card accounts.

6. Answering Paragraph 6 of the Complaint, Chase admits that it transmitted a letter to Plaintiff dated November 11, 2025 stating that "[a]s the Authorizing Officer, you are responsible for any outstanding balance, as outlined in your Cardmember Agreement," and invited Plaintiff to obtain a copy of his Cardmember Agreement.

7. Answering Paragraph 7 of the Complaint, Chase denies the allegations set forth in Paragraph 7 of the Complaint, except admits that it furnishes the business credit card account on his credit history pursuant to the accounts' respective Cardmember Agreements.

8. Chase denies the allegations set forth in Paragraph 8 of the Complaint.

AS AND TO THE SECTION DESIGNATED
"COUNT 1 – FCRA Violations (15 U.S.C. § 1681s-2(b)"

9. Answering the paragraph of the complaint designated "9", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "8" and makes the same part thereof as if set forth herein at length.

10. Chase denies that allegations set forth in Paragraph 10 of the Complaint.

11. Chase denies that allegations set forth in Paragraph 11 of the Complaint.

12. Chase denies that allegations set forth in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states legal conclusions that do not require any response.  To the extent that any response may be required, Chase denies that allegations set forth in Paragraph 13 of the Complaint.

AS AND TO THE SECTION DESIGNATED
"COUNT 2 – FCBA Violations (15 U.S.C. § 1666(b)"

14. Answering Paragraph 14 of the Complaint, Chase admits that Plaintiff disputed the accounts and Chase transmitted a letter to Plaintiff dated November 11, 2025 stating that "[a]s

the Authorizing Officer, you are responsible for any outstanding balance, as outlined in your Cardmember Agreement," and invited Plaintiff to receive a copy of his Cardmember Agreement.

15.     Chase denies that allegations set forth in Paragraph 15 of the Complaint.

AS AND TO THE SECTION DESIGNATED
"COUNT 3 – New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.)"

16.     Paragraph 16 of the Complaint states legal conclusions that do not require any response.  To the extent that any response may be required, Chase denies that allegations set forth in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint states legal conclusions that do not require any response.  To the extent that any response may be required, Chase denies that allegations set forth in Paragraph 17 of the Complaint.

18.     Chase denies that allegations set forth in Paragraph 18 of the Complaint.

AS AND TO THE SECTION DESIGNATED
"DAMAGES"

19.     Chase admits Plaintiff demands $5,000.00 in damages plus reimbursement of the $45 filing fee, but Chase denies that caused any harm to Plaintiff or that Plaintiff is entitled to any relief whatsoever from Chase.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, Chase alleges the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim against Chase.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which Chase denies, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's conduct, actions and inactions that amount to and constitute an estoppel of the claims and any relief sought thereby.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions that amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Chase furnished accurate information concerning the subject accounts to the credit reporting agencies.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any recovery from Chase for a willful or knowing violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., because any such violation, which Chase denies occurred, would not have been willful or knowing.

## EIGHTH AFFIRMATIVE DEFENSE

The imposition of liability and/or statutory damages under the FCRA, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process and Excessive Fines Clauses.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Chase denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Chase.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Subject to further factual development, including discovery, Chase is informed and believes, and on that basis alleges, that each claim and cause of action set forth in the Complaint, is barred, in whole or in part, because Plaintiff suffered no injury as a result of any act or practice of Chase.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution to assert the claims alleged in the Complaint. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

## THIRTEENTH AFFIRMATIVE DEFENSE

Chase conducted a reasonable investigation of Plaintiff's dispute(s) and furnished accurate information from its investigation(s) to the credit reporting agencies.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims Chase willfully violated the FCRA, which Chase denies, any violation was not willful because Chase's interpretation of the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to identify a "billing error" pursuant to the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq*., so as to give rise to a FCBA violation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pursuant to the parties' governing Cardmember Agreements, Plaintiff agreed that the Cardmember Agreements and Plaintiff's Chase accounts shall be governed by federal law and the law of Delaware.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to the Cardmember Agreements governing the subject business card accounts, Plaintiff, as the person who applied for the accounts using his social security number, is responsible and legally obligated for all purchases, cash advances, and all fees and charges incurred on the accounts, and Plaintiff authorizes Chase to furnish information concerning his performance under the Agreements to third parties, including credit reporting agencies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Chase expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

**WHEREFORE**, Chase requests the following relief:

1.      That the Complaint be dismissed with prejudice;

2.      That Plaintiff take nothing from Chase by virtue of the Complaint;

3.    That the Court award Chase its attorneys' fees, expenses and costs to the full extent permitted by law; and

4.    For such other and further relief as the Court deems just and proper.

Dated:  January 26, 2026

                              TURCOTTE LAW, P.C.

              By:    _____/s/Christopher B. Turcotte_____
                              Christopher B. Turcotte
                     641 Lexington Avenue, 15th Floor
                     New York, NY 10022
                     Telephone:    (212) 937-8499
                     cturcotte@cbtlaw.com
                     *Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 26, 2026, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and a copy was served via electronic mail to the following party:

> Kevin C. Fennal, *Pro Se*
> 1024 Beckley Drive
> Williamstown, New Jersey  08904
> Email: kfennal@gmail.com

> /s/Christopher B. Turcotte
> _____
> Christopher B. Turcotte
> 641 Lexington Avenue, 15th Floor
> New York, New York  10022
> (212) 937-8499