IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEVIN C. FENNAL, Plaintiff, v. JPMORGAN CHASE BANK, NA, Defendant. | HONORABLE KAREN M. WILLIAMS<br>Civil Action No. 1:26-cv-02850-KMW-EAP<br>**OPINION** |

**Kevin C. Fennal**
1757 Rose Ln
San Jacinto, CA 92583
*Plaintiff, Pro se*

**Christopher B. Turcotte, Esq.**
Turcotte Law, P.C.
641 Lexington Avenue, 15th Floor
New York, NY 10022
*Counsel for Defendant JPMorgan Chase Bank, N.A.*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

Plaintiff Kevin C. Fennal ("Plaintiff") initiated this consumer credit action, alleging that Defendant JP Morgan Chase Bank N.A. ("Defendant") improperly reported two business credit card accounts on his personal consumer credit report, which has negatively affected his credit score. Nine months later, following the close of discovery, and Defendant's motion for summary judgment, Plaintiff now moves to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2), requesting that the dismissal be *without prejudice*. Defendant opposes the motion, arguing that it has incurred significant costs in completing discovery and preparing its summary judgment motion. Defendant therefore asks the Court either to deny Plaintiff's motion or, alternatively, to grant the motion *with prejudice*.

Also pending before this Court is Defendant's unopposed motion to seal exhibits in support of its summary judgment motion.

The Court has considered the parties' submissions. For the reasons set forth below, Plaintiff's motion for voluntary dismissal is **GRANTED.** The case will be dismissed **without prejudice**, subject to certain conditions aimed at preventing duplication of efforts and costs in any future litigation. The Court will deny Defendant's motion to seal **without prejudice.**

## II. BACKGROUND

Plaintiff initiated this action in state court on December 10, 2025. Following removal to this Court on January 5, 2026, the parties engaged in five months of fact discovery. On August 21, 2026, Defendant filed a motion for summary judgment and a motion to seal exhibits referenced therein (ECF Nos. 21, 23.) Four days later, on August 25, 2026, Plaintiff filed the instant motion for voluntary dismissal (ECF No. 25.)

## III. LEGAL STANDARD

After a summary judgment motion has been filed "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal without prejudice under Rule 41(a)(2) should be granted in the absence of prejudice to the opposing party. *Andreozzi v. Warden McKean Fed. Corr. Inst.*, 828 F. App'x 141, 145 (3d Cir. 2020) (citing *Estate of Ware*, 871 F.3d 273, 285 (3d Cir. 2017)). *Accord In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) ("Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'") (citation omitted).[1] However, the decision to allow voluntary

[1] Some courts in this Circuit have characterized the prejudice to which the rule refers as "legal prejudice," such as the inability to pursue cross-claims or counterclaims, or increased difficulty defending a later suit, separate from time and expense. *See, e.g.*, *Ravenel v. SmithKline Beecham Corp.*, Civ. No. 13-3990, 2013 WL 4223706, at *1 (E.D. Pa. Aug. 14, 2013) ("Rule 41(a)(2)'s primary purpose is to thwart voluntary dismissals by plaintiffs that would result in clear

dismissal is left to the sound discretion of the district court. *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974).

Courts in this district generally consider four factors to determine whether prejudice exists: (1) the expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial in the current case; (3) the extent to which the current case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss. *See Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001); *Shamrock Creek LLC v. Borough of Paramus*, Civ. No. 12-2716, 2015 WL 3902307, at *2 (D.N.J. June 23, 2015), *aff'd* 683 F. App'x 142 (3d Cir. 2017). They also consider the conduct and motives of the plaintiff. *See Kachwalla v. Twp. Of Edison*, 348 F.R.D. 215, 218 (D.N.J. 2024) (surveying cases in the Third Circuit and beyond); *see, e,g., Pringle v. Johnson & Johnson*, Civ. No. 17-6766, 2024 WL 3850379, at *3 (D.N.J. Aug. 16, 2024) (denying a Rule 41 motion because the plaintiff was simply seeking a "do-over" to avoid an adverse ruling); *Nobrega v. Troy-Bilt*, Civ. No. 22-4204, 2025 WL 3063750, at *3 (Nov. 3, 2025) (finding voluntary dismissal due to inability to obtain counsel "practical" rather than "tactical").

## IV. DISCUSSION

### A. Expense and Effort

Defendant contends that it has incurred substantial expense conducting discovery, including responding to requests for admission, document requests, and interrogatories, as well as preparing its motion for summary judgment and accompanying motion to seal certain exhibits. It

---

legal prejudice to defendants"); *Travelers Cas. & Sur. Co. of Am. v. Ellison*, Civ. No. 15-1615, 2016 WL 7334277, at *1-2 (M.D. Pa. Sept. 8, 2016) (Rule 41 motions should be liberally granted absent "clear legal prejudice" to the defendant). *See generally* 8-41 Moore's Federal Practice--Civil 41.40 n.30.1 (2015) ("The cases focus on the rights and defenses available to the defendant; the courts will consider whether there is prejudice to some legal interest, claim, or argument of the defendant, such as the loss of a federal forum, or the inability to conduct meaningful discovery. Legal prejudice is shown when actual legal rights are threatened or when monetary or other burdens appear to be extreme or unreasonable.").

also argues it should not have to bear the costs of a second litigation given the purported strength of its summary judgment motion. (Opp. Br. at 2, 4-6, ECF No. 26.)

Plaintiff concedes that Defendant has devoted considerable time and resources to defending this action and acknowledges that this consideration is relevant. But he maintains that this does not "automatically require" that the litigation continue or that dismissal be *with prejudice*. (Pl.'s Reply Br. at 1, 4, ECF No. 27.)

The Court agrees that Defendant has incurred considerable time and resources in this matter. Therefore, these factors weigh against dismissal.

**B. Case Progression**

As noted above, discovery has concluded and Defendant has filed a motion for summary judgment. That motion remains pending, and no trial date has been set. Courts in this District have ruled both ways in this procedural posture -- some granting Rule 41 motions post-filing, and others denying them, in part, because summary judgment was pending. *See, e.g., Gravely v. Wabash Nat'l Corp.*, Civ. No. 09-5435, 2010 WL 3502757, at *1 (D.N.J. Aug. 31, 2010) (granting dismissal without prejudice and finding that defendant's concerns did not rise to the level of substantial prejudice beyond the prospect of a second lawsuit, notwithstanding the pendency of a summary judgment motion); *Liro v. Inspira Med. Ctrs., Inc.*, Civ. No. 13-5591, 2016 WL 3951326, at *3 (D.N.J. July 21, 2016) (same); *Hayden v. Westfield Ins. Co.*, Civ. No. 12-390, 2013 WL 5781121, at *2 (W.D. Pa. Oct. 25, 2013) (denying dismissal while summary judgment was pending because permitting the plaintiff to "press the eject button . . . at this late juncture" would cause legal prejudice and litigation expense). However, the Court observes that Rule 41 expressly contemplates dismissal after a motion for summary judgment has been filed, so this factor alone cannot be dispositive. Still, on balance, this factor again weighs against dismissal.

### C. Plaintiff's Diligence, Conduct, and Motive

Plaintiff explains that he no longer wishes to pursue this lawsuit due to the "time, expense, and resources required to continue litigating" it (Pl.'s Motion at 1, ECF No. 25), noting that "he is proceeding without counsel and personally bears the burdens associated with continued federal litigation." (Pl.'s Reply Br. at 1.) Although this vague explanation provides limited insight into Plaintiff's reasoning, the Court cannot discern any improper motive for his request. There is no evidence to suggest that Plaintiff is a vexatious litigant, that he has engaged in improper conduct in this litigation, or seeks some sort of tactical advantage in a future litigation (*i.e.* circumventing an adverse ruling). Indeed, Plaintiff reports that he has on several occasions attempted to resolve this case through settlement, including most recently on August 9, 2026 (*id.* at 4.). Finally, Plaintiff's proposal that the Court condition dismissal on the preservation of discovery materials (*id.* at 6) reflects a measure of good faith.

Moreover, Plaintiff acted with reasonable diligence by moving for dismissal shortly after Defendant filed its summary judgment motion, rather than opposing that motion and prompting additional briefing by Defendant or seeking an extension of time to respond. *Cf. Barrett v. McDaniel*, Civ. No. 06-994, 2007 WL 1670121, at *3 (W.D. Pa. June 8, 2007) (dismissing action *with prejudice* where defendant caused excessive delay, failed to diligently pursue discovery, and waited two weeks after conceding at a settlement conference that it had no defense to summary judgment before filing for voluntary dismissal). These factors weigh in favor of dismissal.

In light of the Circuit's preference for granting voluntary dismissal, the Court concludes that dismissal without prejudice is warranted under the present circumstances where the only prejudice identified is time and expense -- essentially, the prospect of a second litigation. *Cf. Nobrega*, 2025 WL 3063750 at *4 ("While Defendants have undoubtedly expended significant

time and effort on this matter, legal prejudice does not arise from the mere possibility of another lawsuit, nor the hypothetical unavailability of witnesses or evidence at some indeterminate future time."). That prejudice is mitigated by the condition discussed above, and the prospect that Plaintiff may be held liable for Defendant's past costs in any substantially similar action.[2]

The Court will grant voluntary dismissal **without prejudice**, on condition that all materials produced in discovery in this action be preserved through the limitations period, and that the records, responses, and admissions, may be used in any subsequent action filed by Plaintiff against Defendant on these same claims. *Cf. Liro*, 2016 WL 3951326, at *3 (conditioning dismissal on the parties' ability to use discovery materials in subsequent state court action).

## V. MOTION TO SEAL

Defendant seeks to seal exhibits E through K of its summary judgment motion in their entirety. These exhibits consist of Automated Consumer Dispute Verification ("ACDV") forms, which are digital forms that credit bureaus transmit to credit card furnishers upon receiving a credit reporting dispute from a consumer (ECF No. 21-16 ¶ 3), as well as Chase's account notes for the two accounts in question. These exhibits have been filed under temporary sealing with redactions consistent with Federal Rule of Civil Procedure 5.2(a) (requiring redaction for social security numbers, financial account information, and date of birth).

The common law presumes that the public has a right of access to judicial materials. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). That presumptive right of public access applies to pretrial motions and the material filed in connection with them, including documents filed in connection with a motion for summary judgment. *Id.* (citing *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660-62 (3d Cir.

---

[2] Should Plaintiff refile an action containing the same claim against Defendant, Rule 41 empowers the next court to shift some or all of the previous action's costs to Plaintiff. *See* Fed. R. Civ. P. 41(d).

1991)). *See also Westinghouse*, 949 F.2d at 660 (rejecting argument that right of access did not extend to summary judgment motion because that motion was denied and was therefore non-dispositive). The presumption can be overcome by showing that the interest in secrecy outweighs the presumption, and courts are required to make specific findings on the record concerning the effect of disclosure. *Avandia*, 924 F.3d at 672-73.

The District of New Jersey's Local Rules impose specific requirements on parties seeking to seal judicial materials, reflecting the presumption of public access to court records and our Circuit's prescriptions on the issue. A request by a party or parties to seal materials filed with the Court or utilized in connection with judicial decision-making is governed by Local Civil Rule 5.3(a). The motion shall include an index, describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request, as well as proposed findings of fact and conclusions of law to be included in the order. Local Civ. Rule 5.3(c)(3).

The present motion does not comply with Local Rule 5.3. Defendant did not provide the requisite index or proposed findings of fact, nor does it appear that Defendant conferred with Plaintiff as contemplated by the portions of the Rule requiring objections (if any) to be identified. The Court observes that counsel's declaration contains a discussion of *some* of the elements outlined in Rule 5.3(c)(3). Specifically, the declaration describes the nature of the materials sought to be sealed and the private interest at stake. Defendant also relies on the fact that these documents have previously been marked confidential pursuant to a discovery confidentiality order approved

by the Honorable Elizabeth A. Pascal, which is a relevant consideration. *But see Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 562-63 (W.D. Pa. 2014) (discussing differences between the court's role in granting a protective order during discovery and a motion to seal publicly-filed exhibits).

However, absent from the submission is why a less restrictive alternative, such as targeted redaction, would not mitigate the alleged harm. For instance, the Court believes that the redactions outlined in Federal Rule of Civil Procedure 5.2 may sufficiently protect Plaintiff's privacy interests. The Court is less certain, however, what additional redactions, if any, would adequately protect Defendant's proprietary interests.

Therefore, while the Court finds that Defendant has generally demonstrated that disclosure of Plaintiff's personal identifying and financial account information, as well as commercially sensitive information belonging to Defendant and the credit reporting agencies, would cause harm, (and remains mindful of the costs Defendant has incurred), it is constrained to deny the motion to seal **without prejudice**.

Dated: September 24, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE